# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9797 | **DATE** | 4/21/2003 |
| **CASE TITLE** | World Impressions, Inc. vs. McDonald's Corporation, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Disney's motion for attorneys' fees (115-1) is granted in part and denied in part. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | APR 21 2003 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 133 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SLB | courtroom deputy's initials | 03 APR 22 AM 7:05 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WORLD IMPRESSIONS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> McDONALD'S CORPORATION and ) <br> DISNEY ENTERPRISES, INC., ) <br> ) <br> Defendants. ) | DOCKETED <br> APR 2 2 2003 <br><br> 01 C 9797 <br> (Consolidated with 02 C 1318) <br><br> Judge George W. Lindberg |

**MEMORANDUM OPINION AND ORDER**

On December 5, 2002, this court entered summary judgment in favor of defendants Disney Enterprises, Inc. ("Disney") and McDonald's Corporation ("McDonald's) on plaintiff World Impressions, Inc.'s ("World Impressions") claims that defendants had violated the Lanham Act by infringing World Impressions' "CALIFORNIA ADVENTURE" mark. This court also entered summary judgment in Disney's favor on its counterclaims that World Impressions had violated the Lanham Act by infringing Disney's "DISNEYLAND" and "CASTLE DESIGN" marks. Disney now moves for attorneys' fees under the attorney fee provision of the Lanham Act, 15 U.S.C. § 1117(a).[1]

The Lanham Act provides that the court "in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). The standard the court must use to determine whether a case is "exceptional," and thus justifies an award of fees, differs according to whether the plaintiff or the defendant is the prevailing party. See Door Sys., Inc. v. Pro-Line

---

[1] Disney states that it has borne the McDonald's Corporation's attorneys' fees in this action, as well as its own, and therefore only Disney brings this motion.

Door Sys., Inc., 126 F.3d 1028, 1031-32 (7th Cir. 1997). In the present case, Disney was both, since it prevailed in defending against World Impressions' claims, as well as prevailing in the prosecution of its own counterclaims.

The court first examines Disney's request for attorneys' fees made as the prevailing counter-plaintiff on its counterclaims. When the plaintiff is the prevailing party, the standard is whether the defendant's infringement of the plaintiff's mark was "malicious, fraudulent, deliberate or willful." Door Sys., Inc., 126 F.3d at 1031; BASF Corp. v. Old World Trading Co., 41 F.3d 1081, 1099 (7th Cir. 1994). Under this formulation, "deliberate" does not equal "in bad faith"; attorneys' fees may be awarded to a prevailing plaintiff when an infringer acts deliberately but in good faith. Door Sys., Inc., 126 F.3d at 1031.

As this court noted in its ruling on the parties' summary judgment motions, World Impressions created a map that showed the locations of various tourist attractions in California. World Impressions sold advertising by many of the attractions that appeared on its tourist maps, and the maps themselves were advertising for the attractions. World Impressions used a stylized form of the word "Disneyland" and a distinctive castle design that were highly similar to Disney's marks as attention-getting symbols on its tourist maps. Although World Impressions' policy was not to use logos of any attraction without first obtaining the attraction's authorization, it did not obtain Disney's authorization to use Disney's marks. The court concluded that World Impressions intended to make it appear that Disney had sponsored its maps. Since World Impressions' infringement of Disney's marks was deliberate, Disney is entitled to an award of attorneys' fees incurred in prosecuting its counterclaims against World Impressions.

The court next examines whether Disney is entitled to attorneys' fees as a prevailing

defendant on World Impressions' claims that defendants infringed World Impressions' "CALIFORNIA ADVENTURE" mark, when Disney named a new theme park "Disney's California Adventure," and McDonald's advertised the theme park in its restaurants. Where a defendant is the prevailing party, it must show that the case so lacked merit and was so burdensome to defend against, that it could fairly be described as oppressive. Door Sys., Inc., 126 F.3d at 1032. A prevailing defendant need not show that the plaintiff filed suit in bad faith. Id.

Disney argues that World Impressions should have known early in the case that its claims lacked merit, as evidenced by World Impressions' failure to adequately refute that its mark was merely descriptive, its failure to present evidence that its mark had acquired secondary meaning, and its failure to show that its mark was famous. In addition, Disney argues that World Impressions and its counsel needlessly increased the costs of litigation, making the case unfairly burdensome to defend against, by filing certain groundless motions and failing to comply with local rules in responding to Disney's summary judgment motion.

Disney likens World Impressions' conduct in this case to the plaintiff's conduct in S Indus., Inc. v. Centra 2000, Inc., No. 96 C 3524, 1998 WL 395161 (N.D. Ill. July 9, 1998), aff'd, 249 F.3d 625 (7th Cir. 2001). In that case, this court awarded attorneys' fees to the prevailing defendant, based on findings that the plaintiff should have known at the outset of the litigation that its claim lacked merit, and that the plaintiff had needlessly increased the cost and burdensome nature of its suit. Id. at * 2. Specifically, this court noted that the plaintiff had pleaded a violation of Section 32 of the Lanham Act, which provides a remedy against the infringement of a registered mark, when the plaintiff had never obtained a federal registration for

use of its mark. Id. In addition, this court noted that the plaintiff had failed to respond to discovery requests, had failed to respond to defendant's statement of material facts filed in support of defendants' summary judgment motion, and had failed to address defendants' affirmative defenses in plaintiff's cross-motion for summary judgment. Id.

In this case, although World Impressions' decision to pursue its claims ultimately may have been unrealistic, the court does not find its prosecution of its claims to be as egregious as that of the plaintiff in S Industries, Inc. Nor does the court conclude that World Impressions' conduct in this litigation created such a burden on defendants to defend against its claims as to fairly be described as "oppressive." To be sure, some of World Impressions' counsel's efforts, especially at the summary judgment stage, were inexcusably sloppy, and undoubtedly resulted in defendants incurring additional costs. However, the court did not observe a lack of cooperation in the discovery stage here to the degree that occurred in S Industries, Inc. Moreover, Disney's conduct in this case was not entirely blameless, as noted in this court's September 26, 2002 order addressing Disney's act of filing an amended answer that exceeded its leave to do so. In addition, resolution of the parties' motions for summary judgment was delayed when defendants filed an excessively long summary judgment brief.

The court concludes that Disney has not shown that World Impressions' case so lacked merit and was so burdensome to defend against, that it could fairly be described as oppressive. Accordingly, the court denies Disney's motion for attorneys' fees incurred in defending against World Impressions' claims.

**ORDERED**: Disney's motion for attorneys' fees [115-1] is granted in part and denied in part. The parties are ordered to confer and attempt in good faith to agree on the amount of

attorneys' fees and expenses which Disney reasonably incurred in prosecuting its counterclaims under the Lanham Act. If the reasonableness of any of Disney's fees or expenses remains in dispute after a good faith attempt has been made by the parties to agree on such fees or expenses, the parties shall file a joint statement of agreed and contested matters as defined in Local Rule 54.3 no later than 60 days after entry of this order.

ENTER:

George W. Lindberg  
Senior United States District Judge

DATED: APR 21 2003